UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS F.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C22-5747-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff appeals the ALJ's decision finding Plaintiff can perform past relevant work as an auto driver and is thus not disabled. Tr. 25. Plaintiff contends the ALJ's finding is erroneous. The Court finds any error the ALJ committed regarding Plaintiff's past relevant work is harmless and **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

Plaintiff alleged disability beginning on May 9, 2019. Tr. 15. At step-one, the ALJ found the "claimant engaged in substantial gainful activity during the following periods: the 4th quarter of 2020." Tr. 17. The ALJ further found:

> The claimant worked after the alleged disability onset date but this work activity did not rise to the level of substantial gainful activity. The claimant has worked after the alleged onset date, earning $1,313 in the 3rd quarter of 2019 (B8D/2), $1,1878 in the 4th quarter of 2019 (B8D/2), $2.356 in the 1st quarter of 2020, $139 in the 2nd quarter of 2020 (B8D/2), $1,861 in the 3rd quarter of 2020 and $3,605 in the 4th quarter of 2020 (B8D/1.

1  *Id.* The ALJ concluded Plaintiff was not disabled because he retained the residual functional
2  capacity to perform past relevant work as an auto driver. Tr. 25.

3  "Past relevant work" is work a claimant performed within the last 15 years, that lasted
4  long enough for a person to learn to do it and was done at the substantial gainful activity level.
5  20 C.F.R. §§ 404.1560(b)(1), 416.920(b)(1). Plaintiff does not contend that he did not work as an
6  auto driver within 15 years of the ALJ's 2021 decision or that he did not work long enough at
7  that job to learn to do the job. Rather he contends the record does not support the ALJ's finding
8  Plaintiff engaged in work at the substantial gainful activity ("SGA") earning level during the 4th
9  quarter of 2020, because the $3,605 that he earned for the fourth quarter falls below the earnings
10 needed to meet the SGA earning level. Dkt. 10 at 5. Plaintiff also argues the Court should reverse
11 the ALJ's decision because his earnings as an auto driver did not meet at any other time the SGA
12 earning level. Dkt. 10 at 6. In support, Plaintiff contends the ALJ's other findings regarding
13 Plaintiff's work between the third quarter of 2019 and the third quarter of 2020 do not establish
14 Plaintiff worked at the SGA earning level. During this time period, Plaintiff argues he earned no
15 more than $2,554 in any one quarter, which falls below the 2019-2020 monthly thresholds for
16 work to meet the SGA earning threshold.

17 The Commissioner concedes the ALJ erroneously found Plaintiff worked at the SGA
18 earning level in the 4th quarter of 2020 but contends the error is harmless because Plaintiff
19 worked at the SGA earning level in the first quarter of 2019. The Commissioner argues the
20 record establishes Plaintiff worked as an auto driver at the SGA earning level in the first quarter
21 of 2019 because he earned $4167.00. Dkt. 17 at 4 (citing Tr. 223).

22 In reply, Plaintiff contends the ALJ's error is not harmless. Dkt. 18. Plaintiff first argues
23 the ALJ erroneously relied upon Plaintiff's 2020 fourth quarters earnings to find he worked as an

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

auto driver at the substantial gainful activity earning level and the Court cannot affirm the ALJ's decision on alternative grounds under *Pinto v. Massanari,* 249 F.3d 840 (9th Cir. 2001). The *Pinto* decision bars the Court from considering post hoc reasons to support an ALJ's finding. *Pinto* is inapplicable because the ALJ erred, and the Court thus need not apply a post hoc rationale to uphold the ALJ's finding. Rather the issue is whether the ALJ's error is harmless. The Court accordingly rejects this argument.

Second, Plaintiff argues it's unclear whether the ALJ "intended to characterize" Plaintiff's work during the first quarter of 2019 as "auto driver" work and the vocational testimony did not clarify this issue either. Dkt. 18 at 2. However, Plaintiff concedes he testified to "driving vehicle for HireQuest, ADESA, and H.S. Fowler Company," *id*., and there is thus no ambiguity that he in fact worked as an auto driver in the first quarter of 2019.

Third, Plaintiff argues in his adult disability report he claimed to work as an auto driver only through 2018. Dkt. 18 at 3. This is belied by his work records and his testimony and is thus not grounds to reverse the ALJ.

Fourth, Plaintiff contends it's unclear if his work for a company called ADESA as an auto driver in the first quarter of 2019 is SGA because his wages from this company in 2018 are below SGA earning levels. The argument does not undermine the fact Plaintiff concedes his earnings as an auto driver in the first quarter of 2019 meet the earning levels for SGA. Plaintiff also argues the Court must remand the case because it's unclear when he stopped working for ADESA. The Court rejects this argument as it fails to alter the fact Plaintiff's 2019 first quarter earnings are sufficient to support a finding his work as an auto driver is substantial gainful work activity.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE - 3

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision, and **DISMISSES** the case with prejudice.

DATED this 14th day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge